UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONOVAN JAY SMITH,

    Petitioner,

                                     Crim. No. 03-CR-80391
                                     Civ. No. 07-CV-10553
                                     Hon. John Feikens

    v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**OPINION AND ORDER**

**I.    <u>INTRODUCTION</u>**

Donovan Jay Smith ("petitioner") files this Motion to Vacate, Set Aside, or Correct Sentence (28 U.S.C. § 2255) alleging ineffective assistance of counsel. For the reasons stated below, petitioner's motion is DENIED.

**II.    <u>BACKGROUND FACTS</u>**

Petitioner Donovan Jay Smith was named by a grand jury on April 24, 2003, in an indictment for his role in drug trafficking activities.[1] In October 2006, petitioner entered into a Rule 11 Plea Agreement, and pleaded guilty to (1) three counts of possession with intent to

---

[1] The indictment included the following counts: (1) two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 1 & 5); (2) one count of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (Count 2); (3) three counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts 3, 6, & 9); (4) two counts of possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 4 & 7); and (5) one count of felon in possession of ammunition, in violation of 18 U.S.C. § 924(g)(1).

distribute cocaine base and (2) one count of possession of a firearm in furtherance of a drug trafficking crime. The parties stipulated to the amount of drugs in each drug distribution charge and to the fact that the cocaine base referred to in each charge was also known as crack cocaine. As a result, the government recommended a below the Guidelines sentence of 15 years in prison and dismissed the remaining counts.

On February 2, 2006, this Court sentenced petitioner to 180 months of imprisonment (15 years) and five years of supervised release. There was no direct appeal to the Sixth Circuit Court of Appeals of this matter.

### III. ANALYSIS

Petitioner's substantive claim is that his attorney's assistance was ineffective because counsel did not clarify whether petitioner was pleading guilty to possession with intent to distribute cocaine base or crack cocaine. As a result, Smith claims he was improperly advised and made an uninformed, involuntary decision to plead guilty.

#### A. Standard of Review

In order for petitioner to establish that he was denied the effective assistance of counsel, petitioner must establish that (1) his attorney's performance was deficient; and (2) that he was prejudiced by this inadequate assistance. Tyler v. United States, 78 F.Supp.2d 626, 631 (E.D. Mich., J. Gadola, 1999); Meeks v. Bergen, 749 F.2d 322, 327 (6th Cir. 1984). To prove deficient performance, petitioner must establish that the representation was "unreasonable under the prevailing professional norms and that the challenged action was not sound strategy." Williams v. United States, 13 F.Supp.2d 616, 618 (E.D. Mich., J. Gadola, 1988). The evaluation of the reasonableness of counsel's performance is made from counsel's perspective, and the standard of

review is highly deferential. Kimmelman v. Morrison, 477 U.S. 365, 381, 106 S.Ct. 2574 (1986).

In order to prove prejudice, petitioner must establish that there is a reasonable probability that, if not for his counsel's actions or omissions, the result of the trial proceeding would be different. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984). In order to establish "prejudice" in the context of guilty pleas, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985).

**B.    Legal Application**

It is in this Court's discretion whether to hold a hearing on this matter. In this instance, I will issue a ruling based on the briefs and the record as the record precludes the granting of habeas relief. See Schriro v. Landrigan, 127 S.Ct. 1933, 1940 (2007) ("if the record refutes applicant's factual application or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing").

After carefully reviewing the record, it is clear that petitioner is precluded from habeas relief because counsel's performance[2] was not inadequate and because petitioner was not prejudiced by counsel's actions. The plea agreement that was signed by petitioner clearly stated that the cocaine base referred to in the charges was also known as crack cocaine. Upon questioning petitioner during the plea colloquy, it was clear his acceptance of the plea was knowing and voluntary. Petitioner is a high school graduate whose education should have

---

[2]James J. Hoare served as appointed counsel to petitioner for his plea agreement, plea hearing, and sentencing.

3

allowed him to clearly understand from the plea agreement that the terms "crack cocaine" and "cocaine base" were interchangeable. In fact, it was spelled out for him in the plea agreement. Then during the plea colloquy, Smith was asked by the Court if he had read the plea agreement and understood the stipulation and what it meant. Smith said he did. (Plea Agreement at 3-4; Government Response, Ex. B at 7-8.) If there was any doubt remaining, this delineation was clarified by the government when it restated that the plea was to possession with intent to distribute crack cocaine, and not any other form of cocaine base. (Government Response, Ex. B at 11.) Throughout the plea colloquy, Smith stated that he was pleading guilty voluntarily and that he was not forced or coerced to do so.

Smith now tries to explain that the term "cocaine base" is ambiguous because not all cocaine base is crack cocaine. Although there is some validity to this argument, see United States v. Booker, 70 F.3d 488 (7th Cir. 1995) ("All crack [cocaine] is cocaine base, but not all cocaine base is crack cocaine"; mandatory minimum for crack will not apply if the evidence suggests the substance in question is merely cocaine base), in this case it is clear Smith specifically stipulated that the cocaine base involved in his crime was also crack cocaine. See United States v. Baez, 87 F.3d 805, 810 (6th Cir. 1996) (when a plea agreement's written description of the essential facts underlying the charges support a guilty finding, an express acknowledgment of the agreement's accuracy satisfies the requirements set forth in Fed. R. Crim. P. 11(f)).

Also, Smith did not object to the type of drugs attributed to him in the presentence report (PSR). As mentioned previously, the PSR attributed approximately 235 grams of cocaine base to Smith for the purposes of sentencing. As a result, the PSR established Smith's Guidelines

4

sentencing range at 135-168 months of imprisonment for the drug charges and 60 months for the gun charge, slightly higher than the 15 years of imprisonment recommended by the plea agreement. If anything, Smith's acceptance of the plea agreement showed that he had a full understanding of the seriousness of distributing crack cocaine because he accepted a sentence recommendation that was below the Guidelines range for his offense. Further, when given a chance at his sentencing hearing to address this issue, Smith remained silent on the PSR's description of the drugs as crack cocaine, and instead apologized for his actions. See United States v. Stafford, 258 F.3d 465, 476 (6th Cir. 2001) (a failure by petitioner to raise a challenge in the proceedings operates as an admissions to the drug types set forth in the PSR and provides a factual basis to sustain an enhanced sentence for a crack cocaine offense).

**IV.     CONCLUSION**

For the foregoing reasons, petitioner's § 2255 motion is DENIED.

**IT IS SO ORDERED.**


Date:     August 22, 2007                         s/John Feikens
                                                  United States District Judge


| Proof of Service |
|---|
| I hereby certify that the foregoing order was served on the attorneys/parties of record on August 22, 2007, by U.S. first class mail or electronic means.<br><br>                    s/Carol Cohron<br>                    Case Manager |