UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                     Crim. No. 03-CR-80391
                                     Civ. No. 07-CV-10553

                                     Hon. John Feikens

    v.

DONOVAN JAY SMITH,

    Defendant.
_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

Donovan Jay Smith ("Smith") files this Motion for Reconsideration of this Court's Order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. For the reasons stated below, Defendant's motion is DENIED.

Smith's motion is untimely. Both a motion for reconsideration under E.D. Mich. L.R. 7.1 and a motion to alter or amend the judgment under Fed. R. Civ. R. 59(e) must be filed within 10 days after entry of the judgment. See Fed. R. Civ. R. 59(e); E.D. Mich. LR 7.1(g)(1). Here, the Court denied Smith's section 2255 motion on August 22, 2007 and Smith's motion for reconsideration was not filed until October 2, 2007, more than a month late. Thus, the motion is clearly untimely.

Even if Smith's motion were filed in a timely fashion, I would DENY the motion for reconsideration. Smith's initial motion claimed ineffective assistance of counsel. In turn he asked me to change the terms of his sentence, pursuant to 28 U.S.C. § 2255. In my opinion

dated August 22, 2007, I denied that request. As I explained then, the record was clear that Smith made a knowing and understanding plea that explicitly acknowledged and stipulated to the fact that cocaine base and crack cocaine were the same substance.

Smith now asks this Court to reconsider the issue of whether there was some confusion in Smith's mind about the nature of the drugs he was trafficking. Smith's arguments are a mirror of his previous arguments to this Court. He presents nothing new for consideration. As I stated in my prior opinion, Smith's acknowledgments and stipulations during the plea process serve as a basis for the validity of the plea and for his knowing acceptance of the terms of his agreement. See United States v. Stafford, 258 F.3d 465, 476 (6th Cir. 2001) (a failure by Defendant to raise a challenge in the proceedings operates as an admissions to the drug types set forth in the PSR and provides a factual basis to sustain an enhanced sentence for a crack cocaine offense); United States v. Baez, 87 F.3d 805, 810 (6th Cir. 1996) (when a plea agreement's written description of the essential facts underlying the charges support a guilty finding, an express acknowledgment of the agreement's accuracy satisfies the requirements set forth in Fed. R. Crim. P. 11(f)).

Accordingly, Smith's Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

Date:   February 14, 2008              s/John Feikens
                                       United States District Judge

|  Proof of Service |
|---|
| I hereby certify that the foregoing order was served on the attorneys/parties of record on February 14, by U.S. first class mail or electronic means. |
| <div align="right">s/Carol Cohron<br>Case Manager</div> |