UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                        Case Number: 03-80391

v.                                         HONORABLE AVERN COHN

DONOVAN JAY SMITH,

       Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE UNDER THE FAIR SENTENCING ACT (Doc. 75)

I.

This is a criminal case. In 2005, defendant plead guilty to possession with intent to distribute cocaine base and to possession of a firearm in furtherance of a drug trafficking crime. The presentence report attributed approximately 235 grams of cocaine to defendant. Defendant was sentenced to 120 months, the mandatory minimum, on the drug count and 60 months consecutive on the firearm count. On April 26, 2010, defendant filed a pro se motion for reduction of sentence under 18 U.S.C. § 3582, arguing that his sentence should be reduced based on Amendment 706 relating to crack cocaine. The Court denied the motion on the grounds that because defendant was sentenced to the 120 month mandatory minimum for his crack cocaine offense, Amendment 706 does not apply to him. See Order filed May 3, 2010 (Doc. 71).

Defendant then filed a motion for reconsideration, which the Court denied.[1]  (Doc. 74).

Now before the Court is defendant's second motion for reduction of sentence. (Doc. 75)  The government, at the Court's request, filed a response.  (Doc. 78).  For the reasons that follow, the motion is DENIED.

II.

In his second motion for reduction of sentence, defendant argues that he is entitled to the benefit of the Fair Sentencing Act of 2010 (FSA), Pub.L. 111-220, 124 Stat. 2372 (Aug. 3, 2010).   The FSA, which amended existing law, raises the threshold for imposition of a 60-month statutory minimum prison sentence from five (5) grams of crack cocaine to 28 grams.  See id. at Sec. 2(a)(2) (amending 21 U.S.C. § 841(b)(1)(B)(iii)).  However, the FSA contains no express statement that it is retroactive. Indeed, the Court of Appeals for the Sixth Circuit has squarely held that the FSA does not apply to sentences, like defendant's, which were imposed before the FSA was enacted.  United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010) (stating that a court "must apply the penalty provision in place at the time [a defendant] committed the crime in question.")  Thus, even assuming defendant would be treated differently under the FSA, he is not entitled to relief.

SO ORDERED.


Dated:  February 16, 2012         S/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE

---

[1] The case was reassigned to the undersigned on December 22, 2010 pursuant to 10-AO-037.

03-80391 USA v. Donovan Jay Smith
**Order Denying Defendant's Motion for Reduction of Sentence**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Donovan Jay Smith, #31548-039, MCFP Springfield, P.O. Box 4000, Springfield, MO 65801-4000 and the attorneys of record on this date, February 16, 2012, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160